Filed 2/5/25

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>MALCOLM ROSEMOND,<br><br>     Defendant and Appellant. | F087787<br><br>(Super. Ct. No. F10904706)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Fresno County. F. Brian Alvarez, Judge.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

After the passage of Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600), defendant Malcolm Rosemond filed a petition for resentencing pursuant to

Penal Code section 1172.1, requesting the court recall and resentence him on the court's own motion. (Undesignated statutory references are to the Penal Code.) The court denied the petition, finding that a "defendant is not entitled to file a petition seeking relief from the court" under section 1172.1.

On appeal, counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, asserting the trial court had jurisdiction to enter its order below and the resulting order is appealable, but counsel found no arguable issues on appeal after conducting an examination of the record. Our court sent defendant a letter notifying him counsel found no arguable issues, he had 30 days to file a supplemental letter or brief raising any arguable issues, and his failure to file a supplemental letter or brief could result in this court dismissing the appeal as abandoned. Defendant has not filed a supplemental brief.

We dismiss the appeal as abandoned.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, a jury convicted defendant of shooting at an occupied motor vehicle (§ 246; count 1) and found true two allegations that defendant personally and intentionally discharged a firearm which proximately caused great bodily injury or death to two victims (§ 12022.53, subd. (d)) during the commission of the offense. The jury also convicted defendant of six counts of assault with a firearm (§ 245, subd. (a)(2); counts 2–7), and found true allegations defendant personally used a firearm during the commission of the offenses (§ 12022.5, subd. (a)).

The court sentenced defendant to an upper term of seven years on count 1 plus a consecutive term of 25 years to life for the section 12022.53, subdivision (d) firearm enhancement; and to low terms of two years on counts 4, 5, 6, and 7 and three years for each of the firearm enhancements (§ 12022.5, subd. (a)) attached to those counts, to be served concurrently with the sentence on count 1. The sentences and enhancements for counts 2 and 3 were ordered stayed pursuant to section 654.

2.

On January 16, 2024, defendant filed a form "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1." Under part I titled "Statement of Eligibility," defendant checked boxes asserting he was "eligible for consideration of a new sentence under AB 600 and Penal Code § 1172.1" based on changes to section 1385 (amended in 2022 by Senate Bill No. 81) and sections 1170 and 1170.1 (amended in 2022 by Senate Bill No. 567). Under part II, titled "Reasons to Grant Relief," defendant asserted he was considered "a youth" at the time of his conviction—he was 19 years old when he was arrested and 20 years old when he was convicted and sentenced to 32 years to life. He stated, while incarcerated, he had taken part in "several self help groups" and taken college courses. He asserted, "[a]s a youth offender there where [*sic*] things that was not mention [*sic*] or taken into consideration at the time that I was being convicted." In light of the passage of Assembly Bill 600, defendant requested the court take his "case into consideration based on [his] youth at the time and the time given to [him] for the crime." He stated he also wanted "to talk to the courts on my growth and on my understanding of what happen [*sic*] at the time of the crime, and to be able to speak on my behalf. I would like to share my side of the story. I would like to be able to say that something like [*sic*] will never happen again." Defendant also checked a box that stated, "I hereby request appointment of counsel."

The court issued a written order on February 21, 2024, denying defendant's request for recall and resentencing pursuant to section 1172.1. The order acknowledged defendant's request and stated: "However, Penal Code section 1172.1, subdivision (c) clearly states that '[a] defendant is not entitled to file a petition seeking relief from the court under this section.' Therefore, Defendant's request for recall of sentence and resentencing is denied."

## DISCUSSION

In *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), the California Supreme Court held the Courts of Appeal must conduct a review of the entire record whenever appointed

3.

counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous.  (*Id.* at p. 441; see *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*).)  "This procedure is applicable to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution."  (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 221, citing*Wende*, *supra*, at pp. 439, 441; accord, *Anders*, *supra*, at pp. 740, 744.)

In *People v. Delgadillo*, *supra*, 14 Cal.5th 216, the court held that the procedure provided for in *Wende/Anders* is not applicable to an appeal from a trial court's order denying a petition for postconviction relief under section 1172.6.  (*Delgadillo*, *supra*, at p. 222.)  The *Delgadillo* court explained the *Wende/Anders* procedure did not apply because the denial of the defendant's section 1172.6 petition did not implicate the defendant's constitutional right to counsel (even if the defendant had a state-created right to the appointment of counsel for that appeal).  (*Delgadillo,* at pp. 224, 226.)  The *Delgadillo* court reasoned "'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings."  (*Id.* at p. 226; see *id*. at p. 227 [reaffirming "'[t]here is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction'"].)  And "'*Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel.'"  (*Delgadillo*, at p. 226; see *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555.)  That is, "'*Anders*'s "prophylactic" procedures are limited in their applicability to appointed appellate counsel's representation of an indigent criminal defendant in his first appeal as of right.  [Citations.]  They do not extend to an appeal, even on direct review, that is discretionary.  [Citation.]  A fortiori, they do not reach collateral postconviction proceedings.'"  (*Delgadillo*, at p. 227; see *Finley*, *supra*, at pp. 554–559; *In re Sade C.* (1996) 13 Cal.4th 952, 978.)

The *Delgadillo* court also rejected the argument that *Wende*-type procedures should apply as a matter of general due process principles requiring fundamental fairness.

4.

(*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 228–229.) The *Delgadillo* court acknowledged the potential for relief under section 1172.6 is a "significant" interest that weighed in the defendant's favor, but it explained the state also has "an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just,'" and "[i]ndependent review in *Wende* appeals consumes substantial judicial resources." (*Delgadillo*, at p. 229.) "Though not as onerous as independent review on direct appeal, requiring appellate courts to independently review the records of numerous postconviction appeals after appointed counsel found no arguable issues would still impose a significant burden on the court system." (*Ibid*.) The *Delgadillo* court stated, "Ultimately, '[t]he salient question here is whether the absence of the *Anders*/*Wende* procedures significantly increases the risk of erroneous resolutions.'" (*Ibid*.) The *Delgadillo* court acknowledged "the elaborate protections already in place," and noted with respect to the defendant's 1172.6 petition in that case: "After the appointment of counsel, a review of the record, briefing, and a hearing, the superior court concluded Delgadillo was ineligible for relief as a matter of law …. On appeal from that determination, Delgadillo again had the assistance of appointed counsel, who again examined the record and determined there were no grounds upon which to challenge the superior court's determination." (*Delgadillo*, at p. 230.) "Accordingly, once appointed counsel here concluded there are no arguable issues, 'the value of applying the procedures required by our decision in *Wende* in criminal appeals is "too slight to compel their invocation."'" (*Ibid*.) Accordingly, the court held "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal." (*Delgadillo*, at p. 226.) Nevertheless, "if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice." (*Id.* at p. 230.)

Here, as in *Delgadillo*, defendant does not have a constitutional right to counsel because this is a state postconviction proceeding. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 226; accord, *Pennsylvania v. Finley*, *supra*, 481 U.S. at p. 555 ["Our cases establish that the right to appointed counsel extends to the first appeal as of right, and no further"].) Thus, the prophylactic procedure provided for in *Wende* does not apply. (See *Delgadillo*, at p. 226; *Finley*, at p. 555 ["*Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel"].) Nor can we conclude due process principles require application of such a procedure in this context. Section 1172.1 does not provide for counsel for a defendant but, significantly, it expressly does not entitle a defendant to file a petition for relief pursuant to section 1172.1, subdivision (c). Furthermore, section 1172.1 does not entitle a defendant to automatic relief if a particular showing is made (as in the case of § 1172.6). Rather, "the court may, on its own motion, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced" (§ 1172.1, subd. (a)(1)), but there is no requirement the court do so. Thus, if there is no requirement that the court recall sentence on its own motion, there is little risk of "erroneous resolutions" and much less risk of that occurring in the section 1172.1 context than in the section 1172.6 context. (See *Delgadillo*, *supra*, at p. 229 ["'[t]he salient question here is whether the absence of the *Anders*/*Wende* procedures significantly increases the risk of erroneous resolutions'"].) Furthermore, "requiring appellate courts to independently review the records of numerous postconviction appeals after appointed counsel found no arguable issues would … impose a significant burden on the court system." (*Id.* at p. 229.) Thus, we conclude, as the *Delgadillo* court did, "once appointed counsel here concluded there are no arguable issues, 'the value of applying the procedures required by … *Wende* … is "too slight to compel their invocation."'" (*Delgadillo*, at p. 230; see *id.* at p. 231 ["[I]ndependent review does not further an individual's dignitary interest when counsel has already been

given an opportunity to present any arguments, found no issues warranting briefing, and the defendant was notified that counsel found no issues but that the defendant could file supplemental briefing presenting any arguments"].)

Notably, the *Delgadillo* court prescribed a specific framework on an appeal from the denial of a section 1172.6 petition: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition, and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter."[1] (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 231.)

And these procedures were complied with here. That is, here, defense counsel filed a brief that included a concise recitation of the facts and counsel's finding that there were no arguable issues, and counsel declared that a copy of the brief and the transcripts of the record on appeal were sent to defendant (our court also separately ordered that defense counsel provide defendant with a copy of the brief). The brief also included counsel's declaration that defendant was advised he could file his own brief with this court. This court sent defendant an order stating that, pursuant to *Delgadillo*, the appeal may be dismissed as abandoned if he failed to submit a letter brief within 30 days. To date, he has not done so.

Accordingly, we conclude it is appropriate to dismiss the appeal as abandoned in this instance.

---

[1]The *Delgadillo* court further held that "it is possible some more unusual postconviction context will call for additional or more specialized requirements." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 231.) However, we cannot conclude the circumstances here justify different requirements.

**DISPOSITION**

The appeal is dismissed.


                                                 PEÑA, J.

WE CONCUR:


HILL, P. J.


DETJEN, J.